UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURT J. GEISLER,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ANTHONY NERI, et al.,<br><br>　　　　Defendants. | Civ. Action No. 06-3492 (KSH)<br><br><br>**OPINION** |

I.　　INTRODUCTION

　　　　In this action for injunctive relief, plaintiff Curt Geisler ("Geisler") seeks an order vacating the sale of a liquor license sold by the Internal Revenue Service ("IRS") at a public auction on June 20, 2006, and directing the IRS to conduct another public auction to sell the license. The IRS and defendant Anthony Neri ("Neri"), an IRS Property Appraisal Liquidation Specialist (collectively "the federal defendants"), have filed a motion to dismiss pursuant to Fed. R. Civ. P. (12)(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons explained below, the motion is **granted**.

II.　　BACKGROUND

　　　　The complaint involves the sale of New Jersey Plenary Retail Consumption License #2019-33-05-007 ("the License"), issued by defendant Township of Union, New Jersey. The IRS seized the License from a bar and grill in Union pursuant to its authority under 26 U.S.C. § 6331, which permits the IRS to seize and sell property for failure to pay taxes. On May 10, 2006, the IRS issued a notice of public auction sale for the License. The notice indicated that the sale was scheduled for

June 20, 2006, at 10:00 a.m. at the IRS office located at 200 Sheffield Street, Mountainside, New Jersey. The notice did not specifically identify where in the IRS office the auction would be held. The notice also indicated that the winning bidder must pay 20% of the purchase price upon acceptance of the bid, and the remaining balance within 24 hours.

On June 20, 2006, Geisler traveled to the IRS office at 200 Sheffield Street in Mountainside for the purpose of bidding on the License. However, at approximately 9:30 a.m., while he was en-route to the auction, Geisler realized that his driving directions were inaccurate. He called his secretary, who then contacted Neri. Geisler's secretary obtained directions from Neri and informed Neri that Geisler was on his way.

The complaint does not indicate precisely what time Geisler arrived at 200 Sheffield Street, but when he arrived, he had difficulty determining where the public auction was being held. Geisler proceeded to the second floor of the building after being advised by a building security guard that the IRS was located on the second floor, but once he was in the main lobby of the IRS' office, he was still unable to determine where the auction was. At 10:05 a.m. Geisler eventually found where the auction was being conducted, but as soon as he entered the room Neri advised him that the auction had already been completed. Neri admitted speaking to Geisler's secretary, but he told Geisler that the sale commenced promptly at 10:00 a.m., in accordance with the IRS' policy to enforce deadlines strictly.

Geisler's attorney contacted Neri after 10:00 a.m. on June 21, 2006, to inquire as to whether the successful bidder had paid the balance of the purchase price as required by the notice of public auction sale. Neri informed the attorney at that time that the winning bidder had not yet paid the balance.

Citing 28 U.S.C. § 1340 (providing district courts jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue") as the basis for federal jurisdiction, Geisler filed suit in this Court on July 28, 2006. Geisler filed an amended complaint as of right on September 27, 2006. The amended complaint seeks an order vacating the sale of the License and directing the IRS to conduct another public auction on three grounds: (1) the notice of public auction sale did not sufficiently specify the place of sale as required by 26 U.S.C. § 6335; (2) the successful bidder did not pay the balance of the purchase price within 24 hours as required by the notice of public auction sale; and (3) the auction should have been adjourned in accordance with Internal Revenue Service Rule 56(14)3.1, because there was not a sufficient number of prospective bidders present at the auction. In addition to Neri, the IRS, and the Township of Union, the complaint names the winning bidder, Joken Enterprises, LLC, and its representative, John Zawoyski,[1] as defendants.

The federal defendants have filed a motion to dismiss, arguing that the suit is barred by sovereign immunity because while 28 U.S.C. § 1340 provides a general grant of jurisdiction for cases involving the IRS, it does not constitute a waiver of sovereign immunity by the United States. Furthermore, the federal defendants assert that even if the suit is not barred by sovereign immunity, the complaint must be dismissed for failure to state a claim upon which relief can be granted. In a letter filed on March 14, 2007, defendants Joken Enterprises, LLC and John Zawoyski filed a letter in support of the federal defendants' motion to dismiss.

---

[1] The amended complaint names "John Zac" as a defendant, however it appears that the proper spelling of his last name is "Zawoyski."

**III.     STANDARD**

A court may grant a motion to dismiss pursuant to Rule 12(b)(6) "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) (quoting D.P. Enters., Inc. v. Bucks County Cmty. College, 725 F.2d 943, 944 (3d Cir. 1984)).  At the motion to dismiss phase, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Schuylkill Energy Res., Inc. v. Pa. Power & Light Co., 113 F.3d 405, 417 (3d Cir. 1997).

The standard for a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is different.  The Court must "review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Turicentro, S.A. v. Am. Airlines Inc., 303 F.3d 293, 300 (3d Cir. 2002).

**IV.     ANALYSIS**

As noted above, the motion to dismiss presents two alternative grounds for dismissal: (1) the suit cannot be maintained because the United States has not waived its sovereign immunity with respect to suits of this sort; and (2) the complaint fails to state a claim upon which relief can be granted.  Because the sovereign immunity issue is not helpfully articulated by the parties' submissions, and because the Court is convinced that the complaint fails to state a claim upon which relief can be granted, the Court will dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and will not reach the issue of whether the suit is barred by the doctrine of sovereign immunity.[2]

---

[2] Such an approach is permissible. In re Hechinger Inv. Co. of Del., Inc., 335 F.3d 243, 251 (3d Cir. 2003).  Writing for the unanimous panel in Hechinger, then-Judge Alito stated that while "the doctrine of sovereign immunity is in some sense a 'jurisdictional bar,'" courts are "not

**A.  Count One – Failure to Comply with Notice Requirements of 26 U.S.C. § 6335(b)**

The complaint alleges that the sale of the License must be set aside because the notice of public auction sale did not sufficiently specify the place of sale as required by 26 U.S.C. § 6335. Geisler concedes: "Pursuant to their terms of the Notice of Public Auction Sale, the sale was scheduled for June 20, 2006 at the Internal Revenue Service Office located at 200 Sheffield Street, Mountainside, New Jersey."  (Compl. at ¶ 13.)   However, Geisler claims that the notice was insufficient because it did not "identify the floor on which or the room number in which the sale would be conducted."  (Id. at ¶ 14.)

26 U.S.C. § 6335(b) governs the sale of seized property by the IRS.  The statute states in relevant part:

> The Secretary shall as soon as practicable after the seizure of the property *give notice to the owner* . . . and shall cause a notification to be published in some newspaper published or generally circulated within the county where such seizure is made . . . . *Such notice shall specify the property to be sold, and the time, place, manner, and conditions of the sale thereof.*

26 U.S.C. § 6335(b) (emphases added).

Geisler concedes that the notice of public auction sale identified the place of the sale.  The notice contained an address and it is undisputed that Geisler went to that address and found the room where the sale had been conducted, albeit five minutes too late.  Geisler has not provided, nor has the Court found, any case law even remotely suggesting that § 6335 requires a room or floor number to be included on the notice of public auction sale.  The statute requires a "place," and, here, the notice provided one.  Geisler missed the auction because he did not know how to get to the IRS

---

required . . . to address the [sovereign immunity] issue before proceeding to the merits."  Id. at 250-51.

office, not because the notice failed to sufficiently identify where the auction would be held. His getting lost on the way and difficulty locating the specific room once at the office building are vexing, but do not create grounds for a lawsuit.

Furthermore, even if the statute did require the IRS to state the location of the auction with greater specificity, Geisler does not have standing to challenge the claim for failure to provide proper notice. "The § 6335 notice requirements are designed to protect the *taxpayer* by giving him an opportunity to be present at the tax sale and bid on the property." Reece v. Scoggins, 506 F.2d 967, 971 (5th Cir. 1975) (emphasis added). Geisler does not claim any ownership interest in the property – he is simply a member of the general public who sought to bid on the property – and thus he is not entitled to a judicial remedy for an alleged violation of the procedures required by § 6335.

For these reasons, Count One of the complaint fails as a matter of law.

**B. Count Two – Failure of the Successful Bidder to Pay Balance Within 24 Hours**

Geisler next claims that the sale of the License must be vacated because the successful bidder failed to pay the balance of the purchase price within 24 hours as required by the notice of public auction sale. This claim also fails as a matter of law.

26 U.S.C. § 6335(e)(3) governs situations where the winning bidder fails to pay in accordance with the published terms. The statute states in relevant part:

> If the conditions of the sale permit part of the payment to be deferred, and if such part is not paid within the prescribed period, suit *may* be instituted against the purchaser for the purchase price or such part thereof as has not been paid, together with interest at the rate of 6 percent per annum from the date of the sale; *or, in the discretion of the Secretary, the sale may be declared by the Secretary to be null and void for failure to make full payment of the purchase price and the property may again be advertised and sold . . . .*

26 U.S.C. § 6335(e)(3) (emphases added).

The statute clearly *permits* the IRS to vacate a sale for failure to pay in strict compliance with the terms of the sale, but it does not, as Geisler contends, *require* a new sale. Nothing in the statute provides any basis for Geisler's position that the sale of the License must be vacated because the winning bidder did not pay within 24 hours. For this reason, Count Two of the complaint fails to state a claim upon which relief can be granted.

**C. Count Three – An Insufficient Number of Prospective Bidders Were Present at the Auction**

Geisler's third and final claim is that the sale was invalid because a sufficient number of bidders were not present for the auction. This claim also lacks a basis in law and must be dismissed.

The IRS' procedures for selling seized property are located at Internal Revenue Manual Section 5.10.5,[3] and the section is devoid of any reference to a minimum number of bidders required to make a sale valid. Section 5.10.5.3 *permits* the IRS to adjourn a sale for virtually any reason, so long as it is in the best interests of the government or the taxpayer, but it does not *require* a sale to be adjourned for any reason. Presumably, an insufficient number of bidders could have been a valid reason for Neri to adjourn the auction of the License if he felt it was in the best interests of the government or the taxpayer to do so, but he was not required to adjourn the sale for this reason. Indeed, Geisler seems to understand this – the complaint concedes that "if sufficient bidders are not present for a Public Auction sale, the sale *may* be adjourned and the property offered for sale at a later date." (Compl. at ¶ 36 (emphasis added).)

---

[3] The complaint cites to "Internal Revenue Service Rule 56(14)3.1" in support of the proposition that the sale is invalid because an insufficient number of bidders were present at the auction. (Compl. at ¶ 36.) As far as the Court is able to determine, no such rule exists. It appears that Geisler is referring to an outdated version of the Internal Revenue Manual. Section 5.10.5 of the current Internal Revenue Manual governs sale procedures of seized property.

Because the federal defendants were not required to adjourn the auction of the license for any reason, Count Three also fails to state a claim upon which relief can be granted.

## V. CONCLUSION

For the foregoing reasons, the motion to dismiss is **granted**. An appropriate order will be filed.


Dated: May 31, 2007                                                        /s/ Katharine S. Hayden
                                                                           Katharine S. Hayden, U.S.D.J.